CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
February 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | Civil Action No. 7:25-CV-00846 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDM OPINION** |
| ) | **AND ORDER** |
| VIRGINIA POLYTECHNIC ) | |
| INTITUTE AND STATE ) | |
| UNIVERSITY, et al., ) | By: C. Kailani Memmer |
| ) | United States Magistrate Judge |
| Defendants. ) | |

This matter is before the court on plaintiff John Doe's (Doe) motion for leave to proceed under a pseudonym. (Mot. for Leave to Proceed Under a Pseudonym, ECF No. 2.) This motion was referred to me pursuant to 28 U.S.C. § 636(b)(1)(A). (Standing Order 2023-24, at 1.) Virginia Polytechnic Institute and State University (University) and the other defendants failed to file an opposition to Doe's motion. For the reasons below, Doe's motion is **GRANTED**.

## I. BACKGROUND

**A. Factual Background**

Under a pseudonym, Doe filed his complaint against the University, the Board of Visitors of the University, Timothy Sands, Frances Keene, Martha Glass, Chelsea Haines, Rohsaan Settle, Quintavis Cureton, Sarah McCoy, Ariana DiFillippo, Sarah Strayer, Kristina Hartman, Kathryn Polidoro, Kristen Barnett, and Deziree Twigger (collectively defendants), and the individual defendants are or were employees of the University.[1] (Compl., ECF No. 1, at 26-30.)

---

[1] As alleged in Doe's complaint, the individual defendants held or currently hold the following positions at the University: Dr. Sands is the president; Dr. Keene is the vice president of student affairs; Dr. Glass is the assistant vice president of student affairs; Dr. Haines is the chief of staff to the vice president of

1

Doe alleges he did not sexually assault Jane Roe[2] and Pauline Poe when they were undergraduates at the University. (*Id.* at 3.) In the University's Office of Equity and Accessibility, Poe filed a complaint against Doe for an alleged sexual assault on October 11, 2023. (*Id.* at 2, 37.) After an investigation, hearing, and adjudication—that Doe alleges were procedurally and substantively deficient—regarding the sexual assault of Poe, (*id.* at 37-69), the University found Doe was responsible for sexual assault, abusive conduct, and dating violence in violation of the University's Student Code of Conduct. (*Id.* at 51-52.) On May 31, 2024, the University sanctioned Doe with a two-year suspension. (*Id.* at 52.)

Roe filed a Title IX complaint against Doe for an alleged sexual assault on September 17-18, 2023. (*Id.* at 2, 70.) Doe alleges the University conducted a procedurally and substantively flawed investigation, hearing, and adjudication regarding the sexual assault of Roe. (*Id.* 70-115.) The University found Doe responsible for violations of the University's Student Code of Conduct and expelled Doe from the University. (*Id.* at 181.)

**B. Procedural Background**

On November 24, 2025, Doe filed a complaint that asserts 33 claims based on the following: violations of 42 U.S.C. § 1983 and procedural due process; 42 U.S.C. § 1983 and substantive due process; gross negligence; willful and wanton negligence; violations of the Equal Protection Clause; violations of 20 U.S.C. § 1681(a) through theories of an

---

student affairs; Ms. Settle is the associate dean and director of the University's Student Office; Dr. Cureton is the associate director of the University's Office of Student Conduct; Ms. McCoy is the assistant director of the University's Office of Student Conduct; Ms. DiFillippo is the student conduct coordinator at the University's Office of Student Conduct; Ms. Stayer is the associate director for community standards and wellbeing at the University's Office of Student Conduct; Ms. Hartman is the University's associate legal counsel; Ms. Polidoro is the director of Title IX compliance/Title IX coordinator; Ms. Barnett is the deputy director and senior investigator for Title IX investigations; and Ms. Twigger is an investigator and a Title IX compliance specialist. (Compl., at 26-30.)

[2] Jane Roe and Pauline Poe are the pseudonyms for the complainants who initiated university disciplinary proceedings for sexual assault against Doe. (*Id.* at 1, n.1.)

erroneous outcome and deliberate indifference; and a request for a declaratory judgment, pursuant to 28 U.S.C. § 2201, for allegedly ongoing Fourteenth Amendment violations. (*Id.* at 166-197.) Doe also seeks a permanent injunction, 10 million dollars in compensatory damages, 10 million dollars in punitive damages, attorney's fees, and costs. (*Id.* at 197-98.)

Also, on November 24, 2025, Doe filed a motion for leave to proceed under a pseudonym. (Mot. for Leave to Proceed Under a Pseudonym). As noted above, defendants did not file an opposition to Doe's a motion for leave to proceed under a pseudonym.

## II. LEGAL STANDARDS

### A. Rule 10(a) and Proceeding Under a Pseudonym

Rule 10(a) provides that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Rule 10(a)'s naming requirement conforms with the presumption of judicial openness, informs the parties of their opponents, and protects the public's legitimate interest—grounded in the First Amendment—in accessing and monitoring judicial proceedings. *See Doe v. Emory & Henry Univ.*, 786 F. Supp. 3d 977, 981 (W.D. Va. 2025) (citing *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 806-07 (E.D. Va. 2012)); *Doe v. Liberty Univ.*, No. 6:19-CV-00007, 2019 WL 2518148, at *2 (W.D. Va. June 18, 2019) (quoting *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7:18-cv-320, 2018 WL 5929645 at *2 (W.D. Va., Nov. 13, 2018)); *Doe v. Mast*, 745 F. Supp. 3d 399, 407 (W.D. Va. 2024) (citing *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023)). However, courts may grant leave to proceed under a pseudonym when there are "exceptional" circumstances, *see Doe*, 85 F.4th at 210 (quoting *Doe v. Public Citizen*, 749 F.3d 246, 278 (4th Cir. 2014)), such as when "privacy or confidentiality concerns are [] sufficiently

critical." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Whether to allow a party to proceed under a pseudonym is committed to the trial court's discretion. *Id.*

The "test for deciding if a plaintiff should proceed anonymously is whether he [or she] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Virginia Polytechnic Inst., & State Univ.*, No. 7:21-CV-378, 2022 WL 972629, at *1 (W.D. Va. Mar. 30, 2022) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)) (internal quotation marks omitted). The Fourth Circuit set out five non-exhaustive factors—which are known as the *James* factors after *James v. Jacobson*—that courts use to evaluate whether to grant a motion for leave to proceed under a pseudonym:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238 (citing *Doe v. A Corp.*, 709 F.2d 1043, 1044 n.1 (5th Cir. 1983)). "'Not all of these factors may be relevant to a given case, and there may be others that are.'" *Virginia State Conf. NAACP v. Cnty. Sch. Bd. of Shenandoah Cnty.*, No. 5:24-CV-040, 2025 WL 270050, at *2 (W.D. Va. Jan. 22, 2025) (quoting *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-cv-249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020)). Thus, the court should "'carefully review *all* the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Doe v. Evident ID Inc.*, 603 F. Supp. 3d

292, 294 (S.D.W. Va. 2022) (quoting *Doe v. Alger*, 317 F.R.D. 37, 39–40 (W.D. Va. 2016)) (emphasis original).

## III. DISCUSSION

### A. The Preservation of Privacy in a Matter that Is Sensitive and Highly Personal

Litigation where a party "'has been accused of sexual misconduct'" constitutes a "'matter of [a] sensitive and highly personal nature.'" *Doe*, 2018 WL 5929645, at *3 (citing *James*, 6 F.3d 233, 238). This court and "others in the Fourth Circuit frequently have afforded litigant[s] anonymity in Title IX claims concerning sexual assault or rape." *Doe v. Liberty Univ., Inc.*, No. 6:21-CV-00059, 2022 WL 4781727, at *5 (W.D. Va. Sept. 30, 2022) (citing *Doe v. Washington & Lee Univ.*, 439 F. Supp. 3d 784 (W.D. Va. 2020)). Also, on the first *James* factor, courts take notice that university disciplinary proceedings—unlike judicial proceedings—are confidential, so, in cases such as this one, some of the details of the alleged wrongdoing are not yet public. *Doe*, 2020 WL 1287960, at *3.

Here, Doe argues that if his name is disclosed in this litigation, then his name "will forever be publicly associated with allegations of sexual assault." (Mot. for Leave to Proceed Under a Pseudonym, at 3.) Consistent with precedent, I find the nature of this litigation is of a "sensitive and highly personal nature," and Doe's alleged wrongdoing was not disclosed in prior judicial proceeding, so the first *James* factor weighs in favor of granting Doe's motion. *See Doe*, 317 F.R.D. at 40 (finding alleged sexual misconduct by a university student was sensitive and highly personal, so the first *James* factor weighed in favor of granting the motion for leave to proceed under a pseudonym).

## B. The Risk of Retaliatory Physical or Mental Harm to the Requesting Party and Non-Requesting Party

On the second *James* factor, courts consider whether the public disclosure of the identity of the requesting party would subject the requesting party "to harassment and ridicule via social media as well as by persons with whom he [or she] comes into contact in his daily life." *Doe*, 2022 WL 972629, at *2. Courts also evaluate whether the disclosure of the identity of the non-requesting party would subject the non-requesting party to "unwanted scrutiny, harassment, and ridicule." *Id.*

Here, Doe contends that disclosure of his identity in this litigation could result in "retaliatory physical or mental harm based solely on the accusation that he committed sexual assault." (Mot. for Leave to Proceed Under a Pseudonym, at 4.) I find disclosure of the identity of Doe would likely subject him to an increased risk of retaliatory physical and mental harm, and the disclosure of Doe's identity could also expose Roe and Poe to unwanted scrutiny, harassment, and ridicule, so the second *James* factor supports granting Doe's motion. *See Doe*, 786 F. Supp. 3d at 983) (finding the second *James* factor—in the context of a requesting party accused of sexual harassment and a student who alleged the requesting party committed sexual harassment—favored granting leave to proceed under a pseudonym to protect both parties).

## C. The Ages of the Persons Whose Privacy Interests Are Sought to Be Protected

On the third *James* factor, when a party to the litigation is a minor, courts observe that minors have a "'special vulnerability,'" so the third *James* factor weighs in favor of granting leave to proceed under a pseudonym when a party is a minor. *M.L. v. Bondi*, No. 1:24-CV-00017, 2025 WL 1296180, at *6 (W.D. Va. May 5, 2025) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). For litigants who are young adults, the court previously

6

observed "college students 'may still possess the immaturity of adolescence,' particularly in the first few years of their schooling." *Doe*, 2018 WL 5929647, at *3 (quoting *Yacovelli v. Moser*, No. 1:02-CV-596, 2004 WL 1144183, *8 (M.D.N.C. May 20, 2014)). However, other courts have noted that when both the requesting party and the non-requesting party were adult college students, the third *James* factor was neutral. *Doe*, 179 F. Supp. 3d at 594.

Here, Doe acknowledges he was an adult at the time of the alleged sexual assaults, but he pleads with the court that he was still relatively young. (Mot. for Leave to Proceed Under a Pseudonym, at 5.) The complaint alleges Doe and Roe were under 21-years of age at the time of the alleged sexual assault of Roe. (Compl., at 4.) However, Poe's age is not clear based allegations in the complaint, and Poe is not a party to this litigation, so Poe has not had an opportunity to represent her interests in this motion. However, there are no allegations that Poe was a minor. I find the third *James* factor is neutral because Doe, Roe, and Poe were college students and legal adults at the time of the alleged sexual assaults. *See Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-00016, 2018 WL 1594805, at *3 (W.D. Va. Apr. 2, 2018) (finding the third *James* factor was neutral because the requesting party and non-requesting party were not minors, so they did not clearly merit the special protections afforded to minors).

### D. Action Against the Government or Governmental Activity

"Courts are more likely to allow a plaintiff to proceed under a pseudonym when the plaintiff challenges the government or government activity." *Doe*, 2018 WL 5929647, at *3 (citing *Yacovelli*, 2004 WL 1144183, at *8). The reason for this "distinction is that actions against the government do not harm its reputation, whereas actions against private parties may injure their reputations and cause economic harm." *Doe*, 2018 WL

7

1594805, at *3 (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004)). However, when university officials are sued in their official capacities, the public may misunderstand the lawsuit to allege the university officials of individual wrongdoing, so when governmental officials are named in their individual capacities the fourth *James* factor can weigh against granting the motion to proceed under a pseudonym. *Doe*, 2022 WL 972629, at *3.

Here, Doe maintains the defendants are governmental entities and governmental employees, so the fourth *James* factor favors granting leave to proceed under a pseudonym. (Mot. for Leave to Proceed Under a Pseudonym, at 5-6.) However, Doe sued 13 individual defendants in their official capacities and in their individual capacities. (Compl., at 21-24.) Because there is a risk of reputational harm to the 13 individual defendants, I find the fourth *James* factor weighs against granting Doe's motion to proceed under a pseudonym. *See Doe*, 786 F. Supp. 3d at 983 (quoting *Doe*, 85 F.4th at 215) ("'the more private parties (sued in their individual capacities), the more likely the courts were to find that the factor weighed against the plaintiff'").

### E. The Risk of Prejudice to the Opposing Party

The fifth *James* factor asks courts to consider "the degree to which a party's use of a pseudonym prejudices the other parties to the litigation." *Doe*, 786 F. Supp. 3d at 983 (citing *James*, 6 F.3d at 238). The risk prejudice to the non-requesting parties is lower when they know the identity of the requesting party. *Doe*, 2020 WL 1287960, at *5.

Here, Doe represents that the defendants know the identity of Doe. (Mot. for Leave to Proceed Under a Pseudonym, at 6.) Again, defendants did not file an opposition, so they did not advance any arguments as to why granting this motion would cause them

8

prejudice.3 I find granting leave to proceed under a pseudonym would not prejudice defendants, so the fifth *James* factor leans in favor of granting the motion. *See Doe*, 786 F. Supp. 3d at 983 (finding the fifth *James* factor favored granting the motion to proceed under a pseudonym because the non-requesting party did not argue proceeding under a pseudonym would cause it prejudice); *see also Doe*, 2020 WL 1287960, at *5 (finding the fifth *James* factor favored granting the motion to proceed under a pseudonym because the non-requesting party already knew the identity of the requesting party).

## IV. CONCLUSION

In summary, the first, second, and fifth *James* factors favor granting Doe's motion for leave to proceed under a pseudonym. However, the third *James* factor is neutral, and the fourth *James* factor supports denying Doe's motion. Thus, based on the facts before the court and in the absence of an opposition by defendants, I conclude that Doe, Roe, and Poe's "substantial privacy right[s]" outweigh the presumption of openness in this judicial proceeding, and in this case exceptional circumstances warrant granting Doe's motion to proceed under a pseudonym. *See Doe*, 2022 WL 972629, at *1 (quoting *Doe*, 951 F.2d at 323); *see also Doe*, 85 F.4th at 210 (holding the requesting party must show "exceptional" circumstances to warrant leave to proceed under a pseudonym). For the reasons above, Does's motion to proceed under a pseudonym is **GRANTED**.

---

3 Because defendants did not file an opposition, this is grounds for the court to grant Doe's motion as unopposed. *See Smith v. Gen. Motors Corp.*, 376 F. Supp. 2d 664, 670 (W.D. Va. 2005), *aff'd sub nom. Est. of Smith v. Gen. Motors Corp.*, 179 F. App'x 890 (4th Cir. 2006) (noting that "[s]ince no response in opposition to this motion has been filed, the undersigned will assume that this motion is unopposed by [plaintiff] and will recommend that this motion be granted as unopposed"); *Parks, Millican & Mann, LLC v. Figures Toy Co.*, No. 2:16-CV-522, 2018 WL 2023127, at *3 (E.D. Va. Apr. 30, 2018) (noting that because "defendant has filed no opposition, [so] the Court will grant the Motion as unopposed and consistent with relevant authority").

Entered: February 6, 2026

C. Kailani Memmer
United States Magistrate Judge